IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Action No. **11-cr-00189-JLK**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**1. DAVID HELM TAYLOR,**

    Defendant.

# ORDER

**Kane, J.**

    This case is presently set for sentencing on Thursday, December 22, 2011 at 10:00 a.m. That setting is VACATED and a new sentencing date will not be set until an adequate Presentence Investigation Report is filed together with written sentencing statements from both the prosecution and the defense and a psychological evaluation of the defendant which includes an analysis of his emails and other writings. It is nearly incomprehensible to me that any sentient human being could assert that the U.S. Sentencing Guidelines provide an adequate basis for sentencing in this case.

    Among other matters, the Probation Department is directed to interview the defendant's mother, father, brother and half-brother, and Emily VandenHeuve to verify, *vel non*, the information provided by the defendant concerning his Personal and Family Data. The new report shall specify the details of the defendant's professed adherence to the principles and beliefs of Buddhism, the details of the defendants stated intention following release from

1

imprisonment of engaging in a website business, Presentence Investigation Report (doc. 27) at ¶ 54, and the precise details of any accounts to which the defendant has had or continues to have access, including those in Panama, *Id.* at ¶ 58.

In addressing the question of what factors may warrant departure from the advisory guideline range, the Presentence Investigation Report says: "None known." *Id.* at ¶ 93. I can think of at least three that are apparent from the report and the victim statements. Further, Part F, "Factors That May Warrant A Non-Guideline Sentence," contains no analysis at all, but merely a recitation of the statutory criteria contained in 18 U.S.C. § 3553 (a); the report is devoid of analysis.

In sum, I can derive no sense of the truth or falsity of the defendant's statements and only a partial view of the actual losses incurred by investors. I am not advised of the statistics on recidivism in cases involving wire fraud and Ponzi schemes or of factors specifically related to deterrence of this particular defendant and others sentenced for similar crimes. If, as the statute requires, the prosecution seeks restitution, precise amounts payable to named individuals must be provided. Moreover the Presentence Investigation Report states: "The Probation Office recommends that the defendant be sentenced in the middle of the advisory guideline range for incarceration, 65 months. This sentence is sufficient, but not greater than necessary to accomplish the goals of sentencing as outlined in 18 U.S.C. § 3553 (a)." page R-4 of Doc. 27-1, second paragraph. On what reasoned basis is that statement made?

A review of the submitted report, such as it is, suggests the possibility of vacating the plea and setting the matter for trial on all counts. Both counsel for the government and the defense, as well as the Probation Department, should recognize now that I will not treat this case

as a matter of routine calling for an indifferent response. The victims who have been notified of the December 22, 2011 sentencing date shall be notified immediately by the Probation Department that the hearing has been cancelled and shall be notified in advance of the new sentencing date when it has been established. The attorneys in this case are hereby notified that, assuming the plea of guilty stands, once I receive the foregoing information, I may set this sentencing for an evidentiary hearing.

Dated: December 19, 2011      BY THE COURT:

*/s/John L. Kane*
Senior U.S. District Judge